**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLLIE GEORGE DOWNER, | No. CIV S-06-1479-DFL-CMK-P |
| Petitioner, | |
| vs. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| M. CRAMER, Warden, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 16) filed October 3, 2006. Petitioner has not filed a response.

In his motion to dismiss, respondent contends that the petition is mixed in that it contains both exhausted and unexhausted claims. Specifically, of the six claims raised in the petition, three of them are unexhausted. Respondent concedes that Claims I, III, and VI are exhausted. Respondent contends, however, that Claims II, IV, and V are unexhausted. According to the petition, these claims are:

> Claim II – "Judge Moscone was unduly prejudiced by Elizabeth's father to deny petitioner his right to a fair trial by a letter sent to the judge as part of his plan to sue petitioner for $12,000,000.00."

Claim IV – "The prosecutor committed constitutional error by eliciting, failing to correct & arguing known false testimony & referring to evidence to support this perjury which had been excluded by the court."

Claim V – "Petitioner was denied his right to present a defense and his right to present all evidence; cross-examination & confrontation due to the trial court's refusal to conduct an in camera review of Elizabeth's diary in which she wrote about the alleged assault."

A review of petitioner's state court filings, which respondent has submitted as exhibits to his motion, reveal that these claims were not presented to the state court. Claims II and IV were not raised at all. As to Claim V, while petitioner argued to the state court that the trial court erred by refusing to allow the defense to present evidence of the victim's psychological history, petitioner did not raise any argument regarding the victim's diaries.

Because respondent is correct that the petition contains unexhausted claims, the motion to dismiss should be granted. As respondent suggests in his motion, however, petitioner should be given an opportunity to: (1) file an amended petition which deletes the unexhausted claims and presents only the exhausted claims; or (2) accept dismissal of the entire petition, including the exhausted claims, without prejudice to re-filing the petition once all the claims have been exhausted in state court.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss be granted; and

2. This matter be referred back to the Magistrate Judge to provide petitioner the options outlined above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive

/ / /

2

the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   November 16, 2006.

                                                                               **CRAIG M. KELLISON**
                                                                               UNITED STATES MAGISTRATE JUDGE