IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIE GEORGE DOWNER, | No. CIV S-06-1479-DFL-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M. CRAMER, Warden, | |
| Respondent. | |
| _____/ | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court are respondent's motion to dismiss (Doc. 16) based on failure to exhaust state court remedies and petitioner's motion for an order to stay the pending action and hold consideration of exhausted claims in abeyance pending exhaustion in state court (Doc. 18).

      In his motion to dismiss, respondent contends that the petition is mixed in that it contains both exhausted and unexhausted claims.  Specifically, of the six claims raised in the petition, three of them are unexhausted.  Respondent concedes that Claims I, III, and VI are exhausted.  Respondent contends, however, that Claims II, IV, and V are unexhausted.

/ / /

According to the petition, these claims are:

> Claim II – "Judge Moscone was unduly prejudiced by Elizabeth's father to deny petitioner his right to a fair trial by a letter sent to the judge as part of his plan to sue petitioner for $12,000,000.00."
>
> Claim IV – "The prosecutor committed constitutional error by eliciting, failing to correct & arguing known false testimony & referring to evidence to support this perjury which had been excluded by the court."
>
> Claim V – "Petitioner was denied his right to present a defense and his right to present all evidence; cross-examination & confrontation due to the trial court's refusal to conduct an in camera review of Elizabeth's diary in which she wrote about the alleged assault."

A review of petitioner's state court filings, which respondent has submitted as exhibits to his motion, reveals that these claims were not presented to the state court. Claims II and IV were not raised at all. As to Claim V, while petitioner argued to the state court that the trial court erred by refusing to allow the defense to present evidence of the victim's psychological history, petitioner did not raise any argument regarding the victim's diaries. In response to respondent's motion to dismiss, petitioner filed a motion for a stay-and-abeyance order to allow him to present his unexhausted claims to the state court. Thus, petitioner concedes that the petition contains unexhausted claims.

There are two approaches for analyzing a stay-and-abeyance motion, depending on whether the petition is mixed or fully exhausted. See Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). If the petitioner seeks a stay-and-abeyance order as to a mixed petition containing both exhausted and unexhausted claims, the request is analyzed under the standard announced by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). See Jackson, 425 F.3d at 661. If, however, the petition currently on file is fully exhausted, and what petitioner seeks is a stay-and-abeyance order to exhaust claims not raised in the current federal petition, the approach set out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), applies. See Jackson, 425 F.3d at 661.

/ / /

/ / /

Because the petition in this case is mixed, Rhines applies. Under Rhines, as a threshold condition for this court to exercise its discretion to issue a stay-and-abeyance order, the court must determine that there was good cause for failing to exhaust his claims before raising them in this case. See Rhines v. Weber, 544 U.S. at 277. If there is good cause for petitioner's failure to exhaust, it may be an abuse of discretion to deny stay and abeyance where there is no indication of intentional dilatory litigation tactics. See id. at 278. Stay and abeyance is not appropriate where the unexhausted claim is plainly meritless. See id. at 277.

In opposition to petitioner's stay-and-abeyance motion, respondent argues that petitioner has not demonstrated good cause justifying his failure to present the unexhausted claims to the state court first. Respondent also argues that the unexhausted claims are plainly meritless. As to why the claims were not presented to the state court first, petitioner states:

> Petitioner responds to [respondent's] contentions by stating that based upon his limited knowledge and due to the limited access to the prison law library due to numerous lock-downs, Petitioner believed that his state appointed appellate counsel had exhausted these Claims in the California Supreme Court by way of a Petition for Review. Apparently this was not the case.

Respondent argues that this is insufficient justification because petitioner had a copy of the petition for review presented to the California Supreme Court by appointed appellate counsel sometime in November 2005, as reflected on the proof of service, and must have known that all his claims were not raised. In response, petitioner adds:

> True, petitioner did possess the Petition for Review in preparing his 210 page [federal habeas] Petition with over 1200 pages in exhibits. Petitioner is not a lawyer: has no formal legal training of anykind, and has managed to put out a straight forward Petition, under adverse circumstances. This was done while Petitioner has had not more than 2 hours (sometimes less) a week to access the prison law library, where he has had to teach himself how to research and understand the law, and to teach himself how to present factual claims for relief that are legitimate and potentially meritorious claims for relief. (sic) (emphasis in original).

///

///

3

The court finds that petitioner's justification is not sufficient. Petitioner's conviction and sentence became final in January 2006 when the California Supreme Court denied his petition for review. Because petitioner sought direct review of his conviction and sentence, the one-year limitations period began running 90 days after the California Supreme Court denied the petition for review – sometime in April 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner did not seek any state post-conviction relief. He filed the instant federal petition in June 2006, well within the one-year statute of limitations imposed by AEDPA. Given these facts, and in light of the proof of service attached to the petition for review filed by petitioner's appointed appellate counsel, the court finds that petitioner must have had a copy of the petition for review in hand sometime in November 2005 or, assuming mail delays, December 2005 at the latest. Petitioner also admits that he had the petition for review at the time he was preparing the instant federal petition. Therefore, it is not reasonable for petitioner to say that he did not present the unexhausted claims to the state court before coming to this court because he believed the claims had been raised in the petition for review.

Given this timeline, petitioner should have known based on reading the petition for review filed by his attorney that some of the claims he raises now were not raised in the state court. Further, he must have known this sometime in December 2005 – well before expiration of the one-year statute of limitations for filing this action. Petitioner does not explain why he never asked the California Supreme Court for leave to add claims to his brief, or why he never sought relief by way of state post-conviction proceedings. Because petitioner has not established good cause for failure to present the unexhausted claims to the state court before filing this habeas action, petitioner is not entitled to a stay-and-abeyance order.

Respondent's motion to dismiss should be granted because, as petitioner concedes, the instant petition contains unexhausted claims. As respondent suggests in his motion, however, petitioner should be given an opportunity to: (1) file an amended petition

which deletes the unexhausted claims and presents only exhausted claims; or (2) accept dismissal of the entire petition, including the exhausted claims, without prejudice to re-filing the petition once all the claims have been exhausted in state court.

Based on the foregoing, the undersigned recommends that:

1. Petitioner's motion for a stay-and-abeyance order be denied;

2. Respondent's motion to dismiss be granted; and

3. The matter be referred back to the Magistrate Judge to provide petitioner the options outlined above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 28, 2007.

                                        **CRAIG M. KELLISON**
                                        UNITED STATES MAGISTRATE JUDGE