1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   COLLIE GEORGE DOWNER,                    No. CIV S-06-1479-JKS-CMK-P

12              Petitioner,

13        vs.                                 <u>ORDER</u>

14   M. CRAMER, Warden,

15              Respondent.

16   _____/

17              Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2254.  On October 4, 2007, the district judge referred this

19   matter to the undersigned to provide petitioner an opportunity to exercise one of the options

20   outlined in the court's February 28, 2007, findings and recommendations.

21              Specifically, the court determined that the current petition is mixed in that it

22   contains both exhausted and unexhausted claims.  As outlined in the February 28, 2007, findings

23   and recommendations:

24              . . . [O]f the six claims raised in the petition, three of them are
                unexhausted.  Respondent concedes that Claims I, III, and VI are
25              exhausted.  Respondent contends, however, that Claims II, IV, and V are
                unexhausted.

26

According to the petition, these claims are:

> Claim II – "Judge Moscone was unduly prejudiced by Elizabeth's father to deny petitioner his right to a fair trial by a letter sent to the judge as part of his plan to sue petitioner for $12,000,000.00."

> Claim IV – "The prosecutor committed constitutional error by eliciting, failing to correct & arguing known false testimony & referring to evidence to support this perjury which had been excluded by the court."

> Claim V – "Petitioner was denied his right to present a defense and his right to present all evidence; cross-examination & confrontation due to the trial court's refusal to conduct an in camera review of Elizabeth's diary in which she wrote about the alleged assault."

A review of petitioner's state court filings, which respondent has submitted as exhibits to his motion, reveals that these claims were not presented to the state court.  Claims II and IV were not raised at all.  As to Claim V, while petitioner argued to the state court that the trial court erred by refusing to allow the defense to present evidence of the victim's psychological history, petitioner did not raise any argument regarding the victim's diaries.  In response to respondent's motion to dismiss, petitioner filed a motion for a stay-and-abeyance order to allow him to present his unexhausted claims to the state court.  Thus, petitioner concedes that the petition contains unexhausted claims.

The court also determined that plaintiff should not be granted a stay and abeyance order.  Because the petition is mixed, petitioner now has the following options:  (1) file an amended petition which deletes the unexhausted claims and presents only exhausted claims; or (2) accept dismissal of the entire petition, including the exhausted claims, without prejudice to re-filing the petition once all the claims have been exhausted in state court.[1]

/ / /

/ / /

---

[1]     On October 11, 2007, petitioner submitted a letter asking whether the court had received an amended petition he mailed to the court on or about September 19, 2007.  Petitioner is advised that no such document has been received by the court.  Also, on October 29, 2007, petitioner filed a motion requesting an extension of time (Doc. 30) to file an amended petition.  Because no deadline to file an amended petition had been set at the time of petitioner's filing, the motion will be denied as unnecessary.

1            Accordingly, IT IS HEREBY ORDERED that:

2            1.     Within 30 days of the date of this order, petitioner may file an amended

3 petition deleting the unexhausted claims and raising only exhausted claims;

4            2.     If plaintiff does not file an amended petition within the time specified

5 above, the court will deem petitioner's inaction as consent to voluntary dismissal of the current

6 mixed petition, without prejudice; and

7            3.     Petitioner's motion for an extension of time (Doc. 30) is denied as

8 unnecessary.

9

10

11 DATED: November 1, 2007

12

                                  **CRAIG M. KELLISON**

13                                 UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26