IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLIE GEORGE DOWNER, | No. CIV S-06-1479-JKS-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| M. CRAMER, Warden, | |
| Respondent. | |
| _____/ | |

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court are respondent's motion to dismiss (Doc. 40) and petitioner's motion for leave to amend (Doc. 42).

    In his motion to dismiss, respondent contends that the petition is premature because the sentence has been vacated by the United States Supreme Court pursuant to Cunningham v. California, 127 S.Ct. 856 (Jan. 22, 2007), and petitioner has not yet been re-sentenced by the state court. Petitioner concedes these facts, but states that, because only Claim VI raised the Cunningham issue, his petition is not premature as to the remaining claims. The court does not agree. The Supreme Court's order rendered petitioner's entire criminal case non-final because it requires the state court to re-sentence him. Because all of petitioner's claims

1

relate to his conviction and sentence, and because petitioner may not proceed in this court until his conviction and sentence are final, see O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), petitioner may not proceed on any claims. Respondent is correct that the entire petition is premature.

This conclusion will not result in a statute of limitations problem for petitioner with respect to his claims not raising the Cunningham issue. As indicated above, petitioner's entire sentence was vacated, having the result that his state court case is not final as to any claims. The one-year limitations period will begin to run anew from the date his conviction becomes final again following re-sentencing. In the meantime, this action should be dismissed without prejudice.

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 40) be granted;

2. Petitioner's motion for leave to amend (Doc. 42) be denied as moot;

3. This action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 27, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE