IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

COLLIE GEORGE DOWNER,

        Petitioner,

   vs.

M. CRAMER, Warden,

        Respondent.

Case No. 2:06-cv-01479 JKS CMK P

ORDER

      Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks to challenge his 2004 convictions and sentence for forcible sexual penetration, forcible oral copulation, forcible rape, and unlawful sexual intercourse with a minor. He alleges that relief is warranted on the grounds that: (1) his Sixth Amendment right to cross-examination was violated when the trial court limited his cross-examination of the victim; and (2) his sentence was rendered in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). Respondent filed a motion to dismiss, alleging that Petitioner's application is premature because state proceedings have not been concluded. Docket No. 40. Petitioner argues he has exhausted state court remedies with regard to his Sixth Amendment grounds and should be allowed to file an amended complaint excluding his other claim. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

      On March 27, 2008, the magistrate judge filed findings and recommendations herein, finding Petitioner's application premature and recommending it be dismissed without prejudice. Docket No. 44. Both parties were given 20 days to file any objections. Neither has done so. Having carefully reviewed the file in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local

1

Rule 72-304, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Petitioner's judgment was vacated on petition for writ of certiorari by the United States Supreme Court pursuant to *Cunningham v. California*, 549 U.S. 270 (2007).  On remand, the California Court of Appeal reaffirmed the judgment of conviction and remanded the matter to the trial court for resentencing in conformity with *Cunningham*.  Respondent argues the entire Petition is premature because state court proceedings have not yet concluded.  Petitioner argues that he should be able to proceed with his Sixth Amendment claims in an amended petition because the California Court of Appeal affirmed the judgment of conviction and remanded only for resentencing.

The Court concurs that Petitioner's current mixed-petition is premature as Petitioner has not yet been resentenced.  *See O'Sullivan v. Boerckel*, 527 U.S. 838, 845 (1995); *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  Stay and abeyance is unnecessary as the statute of limitations will not begin to run until after the trial court resentences Petitioner and enters an amended judgment.  *See United States v. Lafromboise*, 427 F.3d 680, 683-85 (9th Cir. 2005) (where judgment had been vacated on direct appeal, statute of limitations under 28 U.S.C. § 2255 did not begin to run until after amended judgment was entered and both the new judgment and sentence were final).

Accordingly, **IT IS HEREBY ORDERED** that:

1. The findings and recommendations filed March 27, 2008, are adopted in full;
2. Respondent's Motion to Dismiss at Docket No. 40 is GRANTED;
3. Petitioner's Motion for Leave to Amend at Docket No. 42 is DENIED;
4. Petitioner's application for a writ of habeas corpus is dismissed without prejudice; and
5. The Clerk shall enter judgment accordingly.

Dated this the 20th day of May 2008.

          /s/ James K. Singleton, Jr.
          **JAMES K. SINGLETON, JR.**
          United States District Judge

ORDER